J. C. *Wolcott, pro se.*

P. L. *Page,* (J. E. *Field* with him,) for the plaintiffs.

---

### JOHN C. WOLCOTT *vs.* HENRY D. SMITH.

If a defendant makes two defences to the same claim, one of which is sufficient and is sustained by the verdict, it is immaterial whether the others have been correctly or incorrectly determined.

In an action to recover a debt, under an answer alleging payment generally, payment by the hand of an agent may be proved.

HOAR, J.   The plaintiff's action is for compensation for professional services as an attorney at law, for which no price was agreed, and it was for the jury to determine the reasonable value of those services.

In the defence, evidence was offered that the plaintiff, in consideration of the transfer to him of an execution belonging to the defendant, to be used in settling a claim against one Howland, agreed with the defendant and Howland that Howland should pay the debt due from the defendant, and that the plaintiff would look to Howland exclusively for payment.   Evidence was also offered of the actual payment by Howland of the plaintiff's debt.

The presiding judge instructed the jury as to the legal effect of the agreement, and also requested the jury to find whether the plaintiff's debt had actually been paid by Howland; and the jury found that it had been paid.

Upon this finding, we think the correctness of the instructions upon the other part of the case becomes wholly immaterial.   If the plaintiff had been paid, on the defendant's account, the full amount due him, it could be of no consequence whether the agreement to accept the liability of Howland in the place of

that of the defendant was in itself binding upon him or not. It is a case of two defences to the same claim, one of which is undoubtedly sufficient. If that is sustained by the verdict, it can make no difference in the result whether the other was correctly or incorrectly determined.

It has been objected by the plaintiff, in the argument, that the defence of a payment by Howland was not open upon the answer. But, upon examining the answer, we find it expressly averred that whatever was due to the plaintiff had been paid. This is sufficient; as, if the plaintiff had received a full payment of the amount due him, the agency by which the payment was made would be matter of evidence, and need not be stated in the pleadings. *Willard* v. *Williams,* 7 Gray, 184.

*Exceptions overruled.*

*J. C. Wolcott, pro se.*
*J. N. Dunham,* for the defendant.